## THE PRESIDENT, DIRECTORS and COMPANY of the BANK of WILMINGTON and BRANDYWINE vs. WILLIAM SIMMONS.

*Variance in the date of an instrument declared on is fatal; the date being matter of description.*
*Where a note is made payable at a certain place demand at the place must be proved.*
*Demand must be on the last day of grace.*
*The indorsement of the notary taken as evidence of the time of demand, though the protest bore a different date, on a proof of his usage.*
*If the holder of a note takes a higher security from the drawer it discharges the indorser, though time be not given.*

CAPIAS case. Narr; pleas; reps.; issues.

The declaration set out two notes; one dated 22d March, 1822, for $160, at two months, drawn by Joseph and Thomas Gilpin, in favor of deft., and endorsed to plffs.; the other dated 28 July, 1817, for $800, at six months, drawn by William Walker, in favour of F. Leonard, by him endorsed to deft., and from deft. to the Bank. The pleas were non assumpsit. 2d. Payment; 3d. That plffs. had made an arrangment with, and given time to the makers and thereby released the deft. 4th. Accord and satisfaction by the makers. Plffs. gave in evidence a note drawn by the Gilpins, dated 21st March, 1822; and a note drawn by Walker, dated *28th 7th month,* 1817. They proved the endorsement, protest and notice in regard to the first note by the notary; and the protest of the second note by the register of a deceased notary. The protest was dated 30th Septem-

ber, and the notary had endorsed "noted 29th September, 1817. It was proved to have been his custom to draw out and date the protest the day after it was made. The Gilpins had no funds in Bank when their note became due.

The deft. gave in evidence the record of a judgment at the suit of plffs. against William Walker, dated 21 April, 1818, for $3,357 31, but he could not connect it with the vote by any proof.

*Hamilton* and *Read, junior*, for deft. First, as to the Gilpin note. There is a fatal variance between the note declared on and the note proved: the date of the former is stated as the 22d March, and the latter bears date March 21st. The date is matter of description and important. There is no identity between the two. Again. This note is made payable at the Bank of Wilmington and Brandywine, and there was no demand at the Bank, nor is the want of funds alledged in the narr as an excuse for such demand. According to the case of *Bank of Wilmington and Brandywine* vs. *Cooper's administrator*, this also is fatal.—(*ante* 10.)

Second. The Walker note. After this note became due the plffs. took Walker's bond and entered judgment upon it with a stay of three months. This discharged the indorsers. Again. The protest is irregular. It is established that the demand must be made on the last day of grace, in this case, on the 63d day. The jury will determine whether this demand was made on the 63d or the 64th day. If the latter, it is too late. What is the evidence? The notarial register of Roche the deceased notary. But that is against them as it shows that the demand was made on the 30th of September or 64th day. They seek to explain this by evidence of Roche's usage. They first bring the book to prove the demand; and then contradict the book by attempting to disprove the date.

*Wales* and *Rogers* for plaintiffs. The note declared on is dated 22d March, the note proved bears date March 21st, but is for the same sum, same parties, &c. The jury must be satisfied that they are identical and that is sufficient. We admit that the demand should be made on the last day of grace; that is, in the case of Walker's note, on the 29th of September. Have we not proved it? The notarial register states the demand to have been made on the 29th. It was then noted for protest; and it is proved to have been the custom of the notary to draw out the protest on the next day. And this is the use of noting. It fixes the time of demand and refusal. As to the other defence, it has not been supported by any proof that the bond and judgment have any connection with this note. If the bond had included the note it would certainly have been taken up by Walker when the bond was given. The possession of the note by the Bank is conclusive that the judgment is an entirely different transaction. 2 *Stark.* 264; 2 *Term Rep.* 714; 4 *do.* 179.

*By the Court.* Both the first and second objections to the note drawn by the Messrs. Gilpins are equally fatal to the plaintiffs recovery. The variance in the date is conclusive; and the court decided in the Bank of Wilmington and Brandywine *vs.* Cooper's administrator, that where a note is made payable at a certain place, demand at that place must be averred and proved; and though the want of funds may excuse the demand, the excuse must be set out.

As to the other note; whenever a man indorses he undertakes to pay the bill provided a demand shall be made on the drawer on the last day of grace and reasonable notice be given him of the non-payment. The demand here should have been made on the 29th of September, 1817. Was it made then? The note has an indorsement in the hand writing of Roche the notary, "noted 29th September," and his general custom is proved to have been to draw out the protest the day after the demand. The protest here is dated the 30th. If the demand was on that day it is too late and the deft. the indorser is discharged, but if the jury take the indorsement made by the notary with the proof of his practice as the evidence of the demand it was in time. On the other ground; if the bond and judgment include this note the indorser is discharged whether time was given or not, for the security is of a higher nature and merges the note. But the deft. must have proved to the satisfaction of the jury that this note was included in the bond of which no evidence has been offered.

(The court said nothing about the misdescription of this note in the date 28th July for 28th of seventh month, not being clear on the subject, and a decision on that point not being urged.)

Verdict for plaintiff, $1,598 00.

*Wales* and *Rogers* for plaintiffs.
*Hamilton* and *Read, Jr.* for defendant.